# Victor Z. Kohler et ux., Plffs. in Err., *v.* George H. Kleppinger et al.

By the sale of a lot bounded by a street, title passes to the center thereof, if the street is not expressly or by express implication reserved.

By a sheriff's sale of a lot, title coextensive therewith passes to the purchaser.

(Decided March 1, 1886.)

Error to the Common Pleas of Lehigh County to review a judgment for defendant in an action of trespass *quare clausum fregit*. Affirmed.

NOTE.—The naming of a street as a boundary has been uniformly held to pass title to the center thereof. Paul v. Carver, 26 Pa. 223, 67 Am. Dec. 413; Baker v. Chester Gas Co. 73 Pa. 116; Patterson v. Harlan, 124 Pa. 67, 16 Atl. 496; Grier v. Sampson, 27 Pa. 183. Even though the boundary of the lot is fixed at the side line of the street. Lehigh Street's Appeal, 81* Pa. 85. But if a reservation of the street be expressly made, or if an express implication to that effect can be raised from the facts, the title to the center will not pass. Hobson v. Philadelphia, 150 Pa. 595, 24 Atl. 1048; Union Burial Ground Soc. v. Robinson, 5 Whart. 18.

Louisa Kohler became the owner of a lot of ground in the village of Whitehall, by virtue of a sheriff's sale under a judgment recovered upon a bond, secured by a mortgage executed by Stephen Kleppinger.

The question in the court below was as to whether the description in that mortgage began at a point or stone in the fence line on the public road, or at a stone in the middle of the public road.

Kleppinger owned all the land immediately surrounding the mortgaged lot except where it was bounded by the road, and he subsequently conveyed the same to George H. Kleppinger. The controversy in this case arose as to the land included in the mortgage under which plaintiff claimed title. The side lines of the lot described in the mortgage were 171 feet and the distance from the fence to the middle of the road was about 17½ feet. The plaintiff would, therefore, be entitled to 17½ feet more or less, at the rear end of her lot accordingly as the center of the street or the fence line was taken as the point of beginning.

The plaintiffs proved in the court below that on April 6, 1867, Stephen Kleppinger employed Edward Kohler, a civil engineer, to lay out a part of his land into town lots. The draft shows that on the south side of Walnut street several lots of various frontages were laid out, all having a like depth of 171 feet from the south side or fence line of said street to a proposed alley.

On April 10, 1876, Stephen Kleppinger executed and delivered a mortgage to Samuel B. Anewalt upon the lot in question, describing it in this mortgage as beginning at a point on a public road, etc., and having a depth of 171 feet.

On April 5, 1877, Stephen Kleppinger executed and delivered a mortgage to Joseph Smoyer, having the same description word for word as the Anewalt mortgage, excepting that the place of beginning is stated as "beginning at a stone on a public road," etc., instead of "a point on a public road," etc.

Louisa Kohler became the owner of the lot as described in the Smoyer mortgage.

Mrs. Kohler took possession of her lot and claimed title to the same, to a point in depth 171 feet from the fence line on the south side of said road. On July 14, 1882, the defendants removed the rear fence of this lot and took possession of 17½

feet of the rear end of this lot; and, in order to test the title to these 17½ feet, this action was brought.

The plaintiffs claimed that the point of beginning in the Smoyer mortgage was the same as that mentioned in the Anewalt mortgage, and that either the word "stone" was substituted in place of the word "point" by mistake, or else that the point in the Anewalt mortgage was marked, at the time the Smoyer mortgage was given, by a stone on the side of the road which has since been removed.

The following is a portion of the charge to the jury given by Albright, P. J., in the court below:

The title papers offered by the plaintiffs say that Mrs. Kohler is the owner of a lot of ground 100 feet in front by 171 feet in depth. If it is proved that the front line is alongside of the street, and that the rear includes the place where this fence was removed, you will find in favor of the plaintiffs. If you find that the front line is in the middle of the road, beginning at the stone, as the defendants contend, you will say that the defendants did not unlawfully remove the fence. They had a right to take it away, and in that event you will find in favor of the defendants.

The jury found for the defendants, and from a judgment entered upon their verdict plaintiffs brought error.

*Morris L. Kauffman* and *Edward H. Reninger* for plaintiffs in error.

*C. J. Erdman* and *R. E. Wright's Sons* for defendants in error.

Per Curiam:

It is well-settled law that on the sale of a lot bounded by a street the title passes to the center thereof if the street is not expressly or by clear implication reserved. Cox v. Freedley, 33 Pa. 124, 75 Am. Dec. 584.

By a sheriff's sale of the lot, title coextensive therewith passed to the purchaser. Baker v. Chester Gas Co. 73 Pa. 116.

The evidence was well submitted by the court.

Judgment affirmed.